**PLAINTIFF**
Catalina Davis
74 Hill St. West Springfield,
Ma 01089

**DEFENDANT**
Carabetta
4 Federal Court
Springfield, Ma 01109

FILED
IN CLERK'S OFFICE

2005 OCT 27 P 2: 11

Docket No: 02302968 U.S. DISTRICT COURT
DISTRICT OF MASS.

CA 05-30112-KPN

## First Amended Complaint

Pursuant to **CMR** 1.10 ( 6 ) of the commission's Rules of procedure, the above - referenced complaints is hereby amended and now reads as follows:

1. Catalina Davis of 74 hill street, West Springfield, MA 01089, charge carabetta managment, located at 4 federal court, Springfield, MA 01109, with perpetrating unlawful discrimination and because I filed a charge with the Massachusetts commission against discrimination ( 022302968 ).

2. While employed at carabetta my work performance was satisfactory. On or about August 26, 2003 two employees were rehired at carabetta . I was not rehired because I filled a charge of discrimination at the MCAD.

3. On January 13, 2003 I attended an investigation conference at the Massachusetts commission Against Discrimination regarding my charge. at the conference, the commission investigator, Maryann k Bruton, asked Mr. Wayne Mitchell why he did not re- hired me. Mr. Mitchell admitted to Ms. Bruton that the reason was because I had filed a claim ( at the MCAD )at the time he was calling other employees back to work. Mr. Mitchell admitted, however, he did not recall if he had called me. Ms. Bruton confirmed with Mr. Mitchell that he was referring to my charge at the ( MCAD ) and not another " claim filed elsewhere.

4. I therefore charge that respondent subjected me to unlawful retaliation by denying me an equal opportunity to be re-hired for a position I was qualified to perform. Respondent's conduct is in violation of M .G .L ch 151B, s4 and Title VII of the civil rights acts of 1964, as amended.

5. The particulars as cited in original complaint are herein incorporated by reference.

6. I catalina Davis suffer a amount of stress during my termination I was mentally& physically stress out. Also during that time I found out that I was bringing a child into this world . I did not receive any help from my former employers. I struggle hard to raise my daughter and having to go back & fort to meeting in the matter of this case while I was pregnant .

So I demand judgement in the amount of $ 25,700 dollars for pain suffering lost wages

Signature

Name: Catalina Davis
Address: 74 Hill Street West Springfield, Ma 01089
Telephone: ( 1413 ) 739 -8527

COMMONWEALTH OF MASSACHUSETTS
COMMISSION AGAINST DISCRIMINATION

*************************************************

CATALINA DAVIS,
Complainant

v.

CARABETTA
Respondent

*************************************************

05-30112-KPN

Docket No: 022302968

AFFIDAVIT OF MARYANN K. BRUNTON

1. My name is Maryann K. Brunton and I am over eighteen years of age. I understand the meaning of an oath.

2. I am a compliance officer at the Massachusetts Commission Against Discrimination. I am the individual who is charged with investigating the case, *Davis v. Carabetta*, MCAD Docket number 022302968.

3. On January 13, 2003 I conducted an investigative conference regarding the above-referenced case. Individuals employed by Respondent, Mr. Wayne Mitchell, Maintenance Supervisor, Mr. Leroy Giacco Broccoli, Mr. Sal D'Aquila, and Mr. Dino Broccoli were present at the conference.

4. During the conference I requested a copy of Respondent's sexual harassment policy in effect. Counsel, Mr. Barry Guryan, handed me Respondent's policy. I informed Mr. Guryan that the policy was not in compliance with the 1996 change in the law.

5. During the conference I questioned Mr. Wayne Mitchell, Supervisor at Respondent, whether Ms. Davis had complained to him regarding whether Mr. Dino Broccoli had made a comment about Ms. Davis' breasts. Mr. Mitchell admitted that Ms. Davis had complained to him about alleged comments Mr. Broccoli made to her.

6. I asked Mr. Mitchell what actions he took in response to her complaint. He stated that he approached Mr. Broccoli and asked him if he made

the comment and Mr. Broccoli denied making the comment. Mr. Mitchell admitted that he did not report the incident to his supervisor, and he did not make any subsequent notes or reports about the incident. He claimed that he told Ms. Davis that he spoke to Mr. Broccoli about the incident.

7. I questioned Mr. Dino Broccoli about the incident and I asked him if he recalled the conversation with Mr. Mitchell. He stated that Mr. Mitchell asked him, "Doesn't she have a nice body? She must work out." When I questioned Mr. Mitchell, he denied making the comment.

8. I questioned Mr. Mitchell about how Respondent rehired former employees after Respondent had decided to no longer contract cleaning services to a separate company. He stated that he contacted former employees to ask if they wished to be re-employed at Respondent. I asked him why Ms. Davis was not rehired at Respondent. Mr. Mitchell replied that Ms. Davis had a charge pending at the time. When I questioned him, he clarified that it was a charge at the M.C.A.D. and not elsewhere. Mr. Mitchell also admitted that Ms. Davis was a good employee. Mr. Mitchell later claimed that Ms. Davis did not want to be re-employed at Respondent. Ms. Davis denied this allegation.

9. Mr. Sal D'Aquila stated during the conference that Mr. Mitchell did the rehiring, but it went "across (his) desk."

10. Patricia Quintilian, Esquire, was also present at the conference and participated in conducting the conference.

I UNDERSTAND THAT I MADE THIS STATEMENT OF MY OWN FREE WILL AND THAT IT IS UNLAWFUL FOR ANY PERSON OR ORGANIZATION TO RETALIATE AGAINST ME FOR MAKING THIS STATEMENT.

I SWEAR OR AFFIRM THAT I HAVE READ THIS STATEMENT AND THAT IT IS TRUE TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

MARYANN K. BRUNTON

SWORN TO AND SUBSCRIBED BEFORE ME THIS 15 DAY OF Jan, 2003.

NOTARY PUBLIC   My Commission Expires: 9/15/06