UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CATALINA DAVIS,               )  | |
|         Plaintiff     )  | |
|                                  )  | |
|    v.                          )  | Civil Action number 05-30112-MAP |
|                                  )  | |
| CARABETTA,                    )  | |
|         Defendant    )  | |

## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

"The Judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any other material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). There is no genuine issue of material fact in this case that could support a finding in favor of the Plaintiff.

### Background and Procedural History

The Plaintiff in this matter, Catalina Davis (hereafter Davis), was retained as an independent cleaning contractor for Baystate Property Management Company (Baystate) in June 2001. Davis' contract was terminated on June 21, 2002 when all cleaning operations were subcontracted to SourceOne, effective June 24, 2002. SourceOne employed Davis on another property from July 1, 2002 through her termination by SourceOne on August 24, 2002.

Davis filed a complaint with the Massachusetts Commission Against Discrimination (MCAD) on August 27, 2002. Davis' complaint alleged that she was the victim of sexual harassment while a subcontractor of Baystate, and that Baystate laid her off in retaliation for complaining about sexual harassment. During the pendency of the action before the MCAD, Davis amended her complaint to include an additional

1

allegation of retaliation. Davis claimed that Baystate did not rehire her because she had filed a complaint against Baystate at the MCAD.

The matter before the MCAD was dismissed with prejudice when Davis decided to pursue her claim in the United States District Court. Davis has abandoned her initial claims of harassment and retaliatory termination, and instead pursues here her "amended" claim, to wit, that she was not considered for rehire by Baystate because of the complaint she lodged at the MCAD.

## Facts

The Plaintiff in this matter did not conduct discovery. Consequently, Plaintiff's record before the Court consists solely of the Plaintiff's complaint and so-called amended complaint, and an affidavit submitted with the "amended complaint."

Davis was one of twelve (12) people who lost their job on June 21, 2002 due to an out-sourcing for services that she had previously performed for Baystate Property Management Company.[1] Each of the twelve people who lost their job as a result were offered positions by SourceOne, which had assumed responsibility for the cleaning and maintenance services previously provided by employees or independent contractors of Baystate Property. Catalina Davis accepted a position with SourceOne. See Exhibit 1 (Affidavit of Sal D'Aquila) and Exhibit 2 (Deposition of Catalina Davis) at 12 lines 8 through end, page 13 lines 1 – 9.

When Baystate's relationship with SourceOne ended on August 26, 2002, those individuals then working for SourceOne who were previous employees/contractors of

---

[1] Davis has named "Carabetta" as the defendant in this matter. There is no entity named "Carabetta". Without waiving any defenses available to any potential defendant, and for purposes of this Motion only, it will be assumed that Davis had named a cognizable party in interest, to wit, Baystate Property Management Company.

Baystate were taken back by Baystate.  Exhibit 1.  SourceOne did not then employ Catalina Davis.[2]

**Argument**

Davis relies on the affidavit of MaryAnn Brunton, filed with a so-called "First Amended Complaint" on October 27, 2005, in sole factual support of her complaint. *Court filing, Documents 10 and 10-2*.  That reliance is misplaced.

Davis asserts that she was not rehired on August 26, 2002 because she had filed a complaint at the MCAD.  *Court filing, Document 10* paragraph 2.  Davis' complaint was not filed until August 27, 2002.  Exhibit 3.  Furthermore, assuming the truth and accuracy of Ms. Brunton's affidavit, it lends no support to Ms. Davis' claims.

Brunton states in paragraph 8 that Wayne Mitchell did not offer Ms. Davis her job back because Davis had a case pending at the MCAD.  Upon further questioning, Mr. Mitchell stated that Davis did not want to be re-employed.[3]  According to Brunton, Davis denied Mitchell had told her that.

In her deposition, however, Davis testifies to the contrary.

Q. And some point you were laid off by Source One, that was about sometime in August, 2002?

A. That's fair to say.

Q. What did you do then?

A. I told you, I didn't work.

Q. Do you know Wayne Mitchell?

---

[2] Catalina Davis left SourceOne on August 15, 2002.  Ms. Davis agrees that she was let go by SourceOne sometime in August 2002.  Exhibit 2 at 25, lines 1 – 3.

[3] It is abundantly clear, even from this affidavit, that Mitchell is not responsible for hiring decisions.  That role belongs to Sal D'Aquila.  *Brunton Affidavit* paragraph 9.  See also Exhibit 1.

A. Yes, I know Wayne Mitchell.

Q. Who is Wayne Mitchell?

A. Wayne Mitchell is a friend of mine that I've known for years, and I used to work for him.

Q. Is he still a friend of yours?

A. Yes.

Q. At some point, did you have a conversation with Wayne Mitchell?

A. I always talked to Wayne Mitchell.

Q. Around – after you got laid off from Source One?

A. I can't recall, but I probably did.

Q. Did you mention to Wayne Mitchell anything about getting a job back?

A. He told me – I asked him why he didn't call me, he told me he didn't call me because I was his friend and didn't think I wanted my job back. But I knew that was a lie, the reason why he didn't call me is because y'all didn't want me to come back.

Q. He told you he didn't call you why?

A. Because me and he was friends and he knew I didn't want the job back.

Exhibit 2 at 25 – 26.

    Davis' deposition testimony also makes clear that she was aware that Mitchell was not responsible for hiring decisions, but knew full well that Sal D'Aquila made those decisions.

Q. At that point what happened?

A. Nothing, I already went to discrimination, and he told me that he would talk to Sal and Jiacco, because at the time, you know, they were the big bosses, but nothing ever happened. Wayne didn't have no pull anyway, Wayne could talk to you about everything, but he wasn't going to do anything, because he didn't have control over that.

Q. So he was not the person who did the hiring?

A. No, he hired me, but he wasn't in control of taking nobody back if someone got (f)ired, he didn't have access to that. (Uncorrected transcript reads "hired" instead of "fired".) Exhibit 2 page 26.

At no time after leaving the employ of SourceOne did Davis attempt to speak with Sal D'Aquila, although Davis knew he was the person to call. See also Exhibit 2 page 21.

To establish a prima facie case of retaliation, Plaintiff must establish (1) that she engaged in a protected activity; (2) that she suffered an adverse employment action subsequent to that activity; (3) that there was a causal link between the adverse act and the causal activity. Nordstrum v. Dunn, 260 F.3d 778, 783 (7th Cir. 2001) *citing* Sweeney v. West, 149 F.3d 550, 555 (7th Cir. 1998).[4] Proof of a causal link requires the Plaintiff to show that the employer would not have taken an adverse action 'but for' the plaintiff's engagement in a protected activity. Id, *citing* McKenzie v. Ill. Dept. of Transp., 92 F. 3d 473, 483 (1996).

Examined as a failure to rehire case, the elements remain the same – the adverse employment action is the failure to rehire. See, e.g., Lalvani v. Cook County, 269 F.3d

---

[4] The "causal connection" requirement slightly alters the evidentiary framework established in McDonnell Douglas Corp v. Green, 411 U.S. 792 (1973).

785, 790 (7th Cir. 2001). Davis simply cannot prove a causal link between her filing a claim at the MCAD and her failure to obtain re-employment with Baystate Property.

Davis' original complaint as well as her amended complaint state that the retaliation or failure to rehire occurred on August 26, 2002. Yet Davis had not yet filed a complaint on August 26. Although Defendant continued to hire a total of five former employees who had been laid off from SourceOne during the eight (8) days subsequent to August 26, Davis was not at that time an employee of SourceOne, nor had Defendant notice of the action filed at the MCAD on August 27. Furthermore, while it is clear from the record that Davis knew to call Sal D'Aquila if she wanted a job, the record is devoid of her making any attempt what so ever to regain employment. Absent knowledge of protected activity on the decision maker's part, or even that Plaintiff was interested in regaining employment, Plaintiff lacks a causal link. See Maarouf v. Walker Manufacturing, 210 F. 3d 750, 755 (199 ).

Filing a complaint at the MCAD is a protected activity. But Davis seeks to give that action retroactive effect by claiming she suffered adverse consequences as a result of the filing even before she filed, and well before Baystate received notice of the filing. Given these facts, Davis will be unable to show that she engaged in a protected activity at a time relevant to her claim, or to satisfy the second and third elements of a prima facie retaliation or rehire case.

**Conclusion**

For the above reasons, Defendant respectfully requests that this Honorable Court ALLOW its Motion for Summary Judgment.

September 15, 2006

                                        Respectfully submitted,
                                        Defendant by its attorney,

                                        /s/ Ralph Carabetta
                                        Attorney Ralph Carabetta
                                        364 Ocean Avenue
                                        Revere, Massachusetts 02151
                                        781 289 0000
                                        BBO no. 550567

**Exhibits**

1. Affidavit of Sal D'Aquila
2. Deposition of Catalina Davis (excerpts – pages 12, 13, 25, 26)
3. Copy, Redacted Massachusetts Commission Against Discrimination cover and signature page dated August 27, 2002.

**Court Filings Referred To**

1. Complaint
2. "First Amended Complaint" – Document 10
3. Affidavit of MaryAnn Brunton – Document 10-2