UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CATALINA DAVIS,            )
       Plaintiff          )
                           )
                           )
    v.                    )    Civil Action No. 05-30112-KPN
                           )
                           )
CARABETTA,                 )
       Defendant          )

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (Document No. 36)
April 13, 2007

NEIMAN, C.M.J.

Catalina Davis ("Plaintiff"), proceeding *pro se*, brings this action alleging discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"), and Mass. Gen. L. ch. 151B, § 4 ("chapter 151B"), by her former employer, Baystate Property Management Company ("Baystate" or "Defendant").[1]  Defendant has moved for summary judgment pursuant to Fed. R. Civ. P. 56 and the parties have consented to the jurisdiction of this court, *see* 28 U.S.C. § 636(c).  For the reasons indicated below, Defendant's motion will be denied.

I. STANDARD OF REVIEW

When ruling on a motion for summary judgment,  the court must construe the

---

[1] Although Plaintiff's suit is brought against "Carabetta" -- apparently a reference to "Carabetta Management Company" -- Defendant asserts, without objection, that "Baystate Property Management Company" is the proper title of Plaintiff's former employer.

facts in a light most favorable to the non-moving party. *Benoit v. Tech. Mfg. Corp.*, 331 F.3d 166, 173 (1st Cir. 2003). Summary judgment is appropriate when "there is no genuine issue as to any material fact" and "the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). For this purpose, an issue is "genuine" when the evidence is such that a reasonable fact-finder could resolve the point in favor of the non-moving party, and a fact is "material" when it might affect the outcome of the suit under the applicable law. *Morris v. Gov't Dev. Bank*, 27 F.3d 746, 748 (1st Cir. 1994). The non-moving party bears the burden of placing at least one material fact into dispute after the moving party shows the absence of any disputed material fact. *Mendes v. Medtronic, Inc.*, 18 F.3d 13, 15 (1st Cir. 1994) (discussing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)).

## II. BACKGROUND

Defendant asserts, in essence, that the following exposition contains all the "undisputed" facts upon which this case may be resolved. These facts are stated in a light most favorable to Plaintiff, the non-moving party. *Benoit*, 331 F.3d at 173. As indicated in the discussion below, however, Plaintiff has supplied several important additional facts.

Defendant employed Plaintiff as a cleaning person from June of 2001 until June 21, 2002, when she, and eleven others, were laid-off. On June 24, 2002, Plaintiff and the others were re-hired by Defendant's subcontracted cleaning company, Source One, but only until August 24, 2002, when Plaintiff's employment was terminated once again. When Baystate's relationship with Source One ended on August 26, 2002, all those

individuals then working for Source One who were previous employees or contractors of Baystate -- except for Plaintiff -- were taken back. On August 27, 2002, Plaintiff filed a complaint with the Massachusetts Commission Against Discrimination ("MCAD").

### III. DISCUSSION

Defendant characterizes this case as alleging only retaliation, more particularly, that Plaintiff was not considered for rehire by Baystate on August 26, 2002, because of the complaint she was about to lodge at the MCAD. According to Defendant, that allegation is fatally flawed because (1) to prove retaliation under either Title VII or chapter 151B, a plaintiff must establish that there was a causal link between an adverse employment action and protected activity, *see Noviello v. City of Boston*, 398 F.3d 76, 88 (1st Cir. 2005); (2) there can be no such link here since the adverse action, Defendant's August 26th failure to rehire, *preceded* the protected activity, i.e., Plaintiff's August 27th MCAD complaint; (3) *ergo*, Plaintiff's retaliation claim -- and hence her entire action -- must fail as a matter of law.[2]

Although superficially appealing, Defendant's argument withers under close scrutiny, at least for summary judgment purposes. First, Defendant ignores the fact that Plaintiff's complaint alleges more than so-called "retroactive" retaliation; the complaint also contends that Defendant "perpetrat[ed] unlawful discrimination." (Document No. 10 ("Complaint") ¶ 1.) To that end, Plaintiff argues throughout her summary judgment papers -- as she did before the MCAD -- that she was "subjected to

---

[2] Defendant concedes that a failure to rehire can be an adverse employment action. *See Lalvani v. Cook County*, 269 F.3d 785, 798 (7th Cir. 2001).

a sexually hostile work environment," the particulars of which need not be repeated here. Giving the complaint the broad reading it is entitled under the federal rules and the Supreme Court's "*pro se*" jurisprudence, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Defendant is therefore simply wrong when it asserts that Plaintiff has "abandoned" her "harassment" causes of action.

Second, and perhaps more to the point, the retaliation about which Plaintiff complains is not as limited as Defendant suggests. First, the law: Title VII protects a variety of activity from retaliation. More specifically for present purposes, the statute makes it unlawful for an employer to retaliate against an employee "because [s]he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding or hearing under this title." 42 U.S.C. § 2000e-3(a). Chapter 151B uses similarly broad language. *See* Mass. Gen. L. ch. 151B, § 4(4) (making it unlawful for an employer to retaliate against an employee "because [s]he has filed a complaint, testified or assisted in any proceeding under section five"). Thus, it is well-established that, in addition to "[f]iling a civil rights complaint," merely expressing an "inten[t] to file a civil rights complaint . . . and complaining about discrimination to corporate superiors are acts protected" from retaliation. *Weiss v. Parker Hannifan Corp.*, 747 F. Supp. 1118, 1129 (D.N.J. 1990) (citing, *inter alia*, *Hochstadt v. Worcester Found.*, 545 F.2d 222, 231 (1st Cir. 1976)). *Cf. Gore v. Trustees of Deerfield Acad.*, 385 F. Supp. 2d 65, 71 (D. Mass. 2005) (noting generally that the First Circuit "takes a relatively broad view" of Title VII's anti-retaliation provision) (citing *White v. N.H. Dep't of Corr.*, 221 F.3d 254, 262 (1st Cir. 2000)).

Now, the facts: As the record presently stands, Plaintiff sufficiently alleges retaliation beyond the narrow focus Defendant suggests.  Granted, as described, Defendant urges the court to compare only the date of Defendant's failure to rehire (August 26th) with the date Plaintiff filed an MCAD claim (August 27th) and posits that there can be no temporal link between the two.  Plaintiff's retaliation claims, however, are broader than that narrow focus and appear well within the framework of Title VII and chapter 151B's anti-retaliation provisions.  For example, immediately after Baystate laid Plaintiff off on *June 21st*, she left a message on the voicemail of Sal D'Aquila, Defendant's regional manager, stating that she "will be at the [MCAD], filing a complaint towards [Defendant] and [another individual] for sexually harassing me."  (Document No. 46 ("Plaintiff's Brief"), Ex. 6A.)  Then, on *June 27th*, Plaintiff left another message for D'Aquila stating that she, in fact, "went to the [MCAD] and opened up [a] case."  (*Id.*, Ex. 6B.)  The record also shows that Plaintiff actually visited the MCAD on *July 16th* and completed an intake form which listed *May 9th* as the date of Defendant's alleged discriminatory acts.  (*Id.*, Ex. 1.)

To be sure, Defendant -- in an effort to limit Plaintiff's retaliation claims to the events in late-August -- appends a partial copy of the MCAD complaint which she purportedly signed on August 27th.  (See Document No. 38 ("Defendant's Brief"), Ex. 3.)  But even that document lists a "violation date" of *June 29th*.  It also alleges "sexual harassment and retaliation" -- not failure to rehire -- as the conduct about which Plaintiff was then complaining.  Even the snippet of Plaintiff's deposition testimony Defendant attaches to its motion notes that she had "*already went* to discrimination [sic]" at about

5

the time she got laid off from Source One. (*Id.*, Ex. 2 at 25-26 (emphasis added).) In short, Defendant's arguments to the contrary, Plaintiff appears to have been engaging in protected conduct well prior to August 27th.

## IV. CONCLUSION

For the reasons stated, Defendant's motion for summary judgment is hereby DENIED. Since discovery is complete, the clerk shall schedule a case management conference for the purpose of establishing final pretrial conference and trial dates.

IT IS SO ORDERED.

DATED: April 13, 2007

  /s/ Kenneth P. Neiman
  KENNETH P. NEIMAN
  Chief Magistrate Judge